**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MINOR L. And DEBORAH F. McNEIL,
husband and wife and the marital community
comprised thereof**                                                **PLAINTIFFS**

**V.**                                    **4:13CV00076 JMM**

**METROPOLITAN NATIONAL BANK and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION REMIC TRUST**                              **DEFENDANTS**

**ORDER**

Pending are the separate motions to dismiss of the Defendants, Plaintiffs' motion for

leave to file an amended complaint, Plaintiffs' motion for declaratory judgment, Defendants'

motions to strike, and Plaintiffs' motion for order to add a defendant.

I.      Facts

This case was removed by the Defendants from Saline County Circuit Court pursuant to

28 U.S.C. § 1441(a).  In the Complaint, Plaintiffs, acting pro se, state that on or about March 2,

2010, they signed a Promissory Note in the principal amount of $175,000 plus interest "thereby

converting and voiding by novation, a precursor 'construction loan' issued earlier by the same

lender." (Complaint, at 2).  The loan and note to secure the mortgage were executed following

the completion of the construction of Plaintiff's home and outbuildings on land previously

owned by the Plaintiffs in Alexander, Arkansas.  (Complaint at 2).    The original mortgage and

promissory note holder was Metropolitan National Bank.  *Id.*  The mortgage was recorded with

the Saline County Registry in Saline County, Arkansas.  *Id.*

Plaintiffs claim that the Defendants:  (1) violated the Arkansas Deceptive Trade Practices

Act ("ADTPA") by intending to deceive Plaintiffs as to the nature of the transactions; (2)

unlawfully recorded documents in the Saline County Registry knowing that the documents were defective; (3) failed to meet the disclosure requirements of Revised Article 9 of the Uniform Commercial Code; (4) failed to notify Plaintiffs in writing of each assignment, sale or transfer of the servicing of the loan in violation of the Real Estate Settlement and Procedures Act; (5) failed to meet the disclosure requirements of 15 U.S.C. §§ 1601, 1635, 1638 and 1639(a)(1)(A) and (B), Title 12 Regulation Z, Part 226, et seq.; and (6) violated the Arkansas Uniform Commercial Code at Ark. Code Ann. § 4-3-203. Plaintiffs seek to enjoin the Defendants from alleging any right or interest in Plaintiff's property, including foreclosure. Plaintiffs seek rescission of the entire mortgage and note with refund of money paid by Plaintiffs, fines of not less than $200 and not more than $2,000 for each violation, damages under the Arkansas Deceptive Trade Practices Act of $4,000 for each violation, damages in the amount of three times the interest paid by Plaintiffs, and the costs of litigation.

Metropolitan seeks dismissal based upon defective service, lack of personal jurisdiction, failure to follow the pleading requirements of Rule 8(a), failure to state a claim, Mrs. McNeil's failure to sign the Complaint, and the Truth in Lending Act statute of limitations. The Federal National Mortgage Association ("Fannie Mae"), which is not actually named by Plaintiffs as a defendant[1], seeks dismissal based upon the same arguments.

II.     <u>Standard of Review</u>

The United States Supreme Court clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bell Atlantic Corp. v.*

---

[1] Plaintiffs name Federal National Mortgage Association Remic Trust (the "Trust") as a defendant in the case.

*Twombly*, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007).  "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do.  *Id.* at 1964-65 (citing

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002);

*Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6)

does not countenance ... dismissals based on a judge's disbelief of a complaint's factual

allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed. 2d 90 (1974) (a

well-pleaded complaint may proceed even if it appears "that a recovery is very remote and

unlikely")).  Although "[g]reat precision is not required of the pleadings," the complaint should

state how, when, and where the cause of action occurred.  *Gregory v. Dillard's Inc.,* 494 F.3d

694, 710 (8th Cir. 2007).  "So, when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of

minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at

1966 (internal citations omitted).

    III.   <u>Discussion of the Law</u>

       A.   <u>ADTPA</u>

Metropolitan argues that the Plaintiffs fail to allege a ADTPA claim with sufficient

specificity.  Rule 9(b) requires a party to plead with particularity the circumstances constituting

fraud.  The purpose of the requirement is to allow the defendant "to respond specifically and

quickly to the potentially damaging allegations."  *United States ex rel. Costner v. United States,*

317 F.3d 883, 888 (8th Cir. 2003) (citing *Abels v. Farmers Commodities Corp.*, 259 F.3d 910,

920–21 (8th Cir. 2001)).  The particularity required by Rule 9(b) "demands a higher degree of notice than that required for other claims.  The claim must identify who, what, where, when, and how." *Id. (*citing *Parnes v. Gateway 2000, Inc*., 122 F.3d 539, 550 (8th Cir. 1997)).  The pleading must discuss "the time, place[,] and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys*., 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982)).  Conclusory allegations of fraud and deception are insufficient.  *Id.*

Plaintiffs allege that "all of the money or credit used as [sic] Defendant Metropolitan as consideration for the Note and Mortgage contract of March 2, 2010, was created by mere bookkeeping entries upon its own books and that no law exists authorizing such conduct." (Complaint, p. 3).  This statement of fact does not explain how the bookkeeping entry in connection with the termination of a construction loan and the creation of a mortgage gives rise to a claim for relief under ADTPA.  The statement does not amount to an allegation of fraud, misrepresentation, or a deceptive trade practice.  Moreover, Plaintiffs do not allege that Metropolitan's action caused them to suffer any actual damages.  *See Wallis v. Ford Motor Co.*, 362 Ark. 317, 328, 208 S.W.3d 153, 161 (2005) (holding that a private cause of action under the ADTPA requires that a person suffer actual damage or injury).  There is no allegation that the Trust violated the ADTPA.  As a result, the ADTPA claim (Count I of the Complaint) is dismissed without prejudice.

> B.     Arkansas Code Annotated § 5-37-226

Plaintiffs allege that the Defendants violated Arkansas statute § 5-37-226 which

provides:

> a) It is unlawful for a person with the knowledge of the instrument's lack of authenticity or genuineness to have placed of record in the office of the county recorder or the office of the Secretary of State any instrument:
>> (1) Clouding or adversely affecting:
>>> (A) The title or interest of the true owner, lessee, or assignee in real property; or
>>> (B) Any bona fide interest in real property; and
>> (2) With the purpose of:
>>> (A) Clouding, adversely affecting, impairing, or discrediting the title or other interest in the real property which may prevent the true owner, lessee, or assignee from disposing of the real property or transferring or granting any interest in the real property;

Ark. Code Ann. § 5-37-226(a).  This is a criminal statute, not a civil statute.  Arkansas law does not provide a private cause of action for violation of this statute.  Therefore, Plaintiffs' claim under Ark. Code Ann. § 5-37-226 (Count II of the Complaint) is dismissed with prejudice.

      C.     <u>Article 9 of the UCC</u>

Article 9 of the UCC does not apply to the transactions discussed in the Complaint.

Arkansas Code Annotated § 4-9-109 provides that Article 9 applies to:

> 1) a transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract;
>
> (2) an agricultural lien;
>
> (3) a sale of accounts, chattel paper, payment intangibles, or promissory notes;
>
> (4) a consignment;
>
> (5) a security interest arising under § 4-2-401, § 4-2-505, § 4-2-711(3), or § 4-2A-508(5), as provided in § 4-9-110; and
>
> (6) a security interest arising under § 4-4-210 or § 4-5-118.

Ark. Code Ann. § 4-9-109.  Plaintiffs have failed to state a claim under Article 9 (Count III of the Complaint), therefore this claim is dismissed with prejudice.

      D.      <u>Real Estate Settlement and Procedures Act ("RESPA")</u>

Plaintiffs claim the failure to provide notice of the assignment, sale, or transfer of the servicing of their loan was a violation of RESPA.  *See* 12 U.S.C. § 2605(b)(1)("Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.").  However, the remedy for such a failure is "actual damages to the borrower as a result of the failure...." *Id.* § 2605(f)(1).  Plaintiffs' complaint fails to allege any damages caused by the alleged lack of notice.  Further, to the extent that the complaint lists damages, it fails to explain how the alleged violation of RESPA and its notice provisions caused those damages.  "A claim under RESPA ... requires a showing that the violation proximately caused the plaintiff's damages." *Frison v. WMC Mortg. Corp.*, No. 09cv1733, 2011 WL 4571753, at *4 (S.D.Cal. Sept. 30, 2011); *see also   Whatley v. ReconTrust Co.*, 2010 WL 4916372,*5 (E.D. Ark. 2010).  Even a liberal reading of the pleadings does not provide the Court with more than "labels and conclusions" which does not satisfy a plaintiff's obligation under *Twombly*. 550 U.S. at 555.  As a result, Plaintiffs' claim under RESPA (Count IV) is dismissed without prejudice.

      E.      <u>Truth In Lending Act</u>

Plaintiffs allege that the Defendants failed to meet the disclosure requirements of the Truth in Lending Act, specifically 15 U.S.C.A. § 1638, §§ 1639(a)(1)(A) and (B) and § 1635.

As the Defendants point out, the Truth in Lending Act ("TILA") has a one year statute of limitations for any claim for damages under the Act.  *See* 15 U.S.C. § 1640(e). "The one-year window for filing a TILA damages claim generally 'runs from the date of the consummation of the transaction.'  A loan is deemed consummated at 'the time that a consumer becomes

contractually obligated on a credit transaction.'" *Whatley*, 2010 WL 4916372,*4 (citing *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) and (12 C.F.R. § 226.2(a)(13) (2010)).  Plaintiffs became obligated on their loan March 2, 2010 when they signed the promissory note and mortgage.  Plaintiffs filed this cause of action on January 10, 2013, more than one year after they became obligated on the transactions.  Therefore, their claims for damages are time-barred. Plaintiffs have not stated any facts which would permit equitable tolling of the statute of limitations.  Plaintiffs' claim for damages under TILA (Counts III, V- XII of the Complaint) is dismissed with prejudice.

Plaintiffs also seek rescission of their mortgage and note based upon the violation of TILA.  However, rescission is not an available remedy under TILA for residential mortgage transactions.  *Whatley,* 2010 WL 4916372, *4, n.5. (Citing 15 U.S.C. § 1635(e)(1)). As a result, Plaintiffs' claim under TILA and TILA regulations[2] (Counts III, V- XII of the Complaint) are dismissed with prejudice.

F.      UCC Article 4

Plaintiffs contend that the Defendants violated Arkansas Code Annotated § 4-3-203. Specifically, Plaintiffs state: "Failure of a Transferee downstream of Defendant Metropolitan to record the transfer of instrument to itself is an illegality in the transfer and breaks the chain of title by operation of law and vests no rights to the Property in the Transferee."  (Complaint, p. 9). Section 4-3-203 relates to the transfer of a negotiable instrument.  The statute does not create a cause of action.  It merely states the rights acquired by a transfer of a negotiable instrument.  It does not require a transferee to record the transfer.  *See* Ark. Code Ann. § 4-3-203.  Plaintiffs

_____

[2]  This includes 12 C.F.R. Part 226, et. seq., known as Regulation Z.

7

have failed to state a claim under this statute.  Count XIII is dismissed with prejudice.

   G. <u>Federal National Mortgage Association Remic Trust</u>

   Even if the Plaintiffs had stated a claim in their Complaint,  Fannie Mae argues that the Federal National Mortgage Association Remic Trust is not a corporation or an entity capable of being sued.  Plaintiffs do not dispute this argument.  Therefore, the Court finds that the Trust must be dismissed as a party.  The Motion to Dismiss Federal National Mortgage Association Remic Trust is GRANTED with prejudice.

   H. <u>Other Motions</u>

   Plaintiffs have filed a Motion for Leave to file an Amended Complaint to add causes of action for unjust enrichment and "fraud in the inducement."  Plaintiffs also seek to add sections to the original complaint entitled "What Legal Duty Devolves to Banks," "The Violation of Rights," and "Documents to Be Discovered By Compulsion."  After review of this pleading, the Court finds that the amendments are futile.  Plaintiffs' motion for leave to amend the complaint was filed almost a month after the second motion to dismiss was filed.  Plaintiffs had ample notice of the deficiencies of the original complaint and failed to cure them.  Plaintiffs' amendments do not resuscitate the claims made in the original Complaint.  Plaintiffs' amendments make generalized statements about the alleged duties and accounting practices of banks and add state law claims which the Court declines to hear.  *Crest Const. II, Inc. v. Doe,* 660 F.3d 346, 359 (8th Cir. 2011) (citing 28 U.S.C. § 1367(a), (c) "[A] federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise."))  Defendants' Motions to Strike this pleading are moot.

   Plaintiffs have also filed an Emergency Motion for Declaratory Judgment in re Equitable

Suspension of Time to Respond.  In this motion, Plaintiffs seek "a prompt judicial determination that respondents right to proceed in the contest at bar has passed."  (Docket #27 at p. 2-3).  The Court finds this motion to be without merit.

Finally, Plaintiffs have filed a Motion to Add Pooling and Servicing Agent U.S. Bank Home Mortgage as Party Defendant.  Because Plaintiffs have failed to state a claim in their original Complaint, it is futile to add their pooling and servicing agent as a defendant.  This motion is denied.

IV.    Conclusion

For these reasons, Defendant Federal National Mortgage Association REMIC Trust's Motion to Dismiss (Docket #9) is GRANTED, Defendant Metropolitan National Bank's Motion to Dismiss (Docket #18) is GRANTED, Plaintiffs' Motion for Leave to File Amended Complaint (Docket #25) is DENIED, Plaintiffs' Emergency Motion for Declaratory Judgment (Docket # 27) is DENIED, Defendants' Motions to Strike (Docket ## 28 and 29) are MOOT, and Plaintiffs' Motion for Order to Add Pooling and Servicing Agent (Docket # 31) is DENIED.

IT IS SO ORDERED this 14th day of May, 2013.

James M. Moody
United States District Judge